IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHANH R.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 4021 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Nhanh R.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On November 29, 2018, Plaintiff filed a claim for DIB, alleging disability since March 1, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 3, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 2, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 1, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: major depressive disorder; anxiety; and schizoaffective disorder. The ALJ concluded at

step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out simple instructions; can perform simple, routine, and repetitive tasks but not at a production rate of pace such as an assembly line; can adapt to routine changes in the workplace that are infrequent and easily explained; and can interact occasionally with supervisors and coworkers, but never with the general public. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an outreach worker. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly evaluate Plaintiff's RFC; (2) the ALJ erred in evaluating the medical opinions; and (3) the ALJ did not properly evaluate Plaintiff's allegations. Plaintiff also argues that the ALJ's decision is constitutionally defective.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ failed to adequately account for her need to nap during the day. Pertinent to that topic, at the hearing, Plaintiff testified that she sleeps for approximately two to three hours during the day and needs to "sleep during the day because [during] the night time[] [she] can't sleep." (R. 55, 71.) In his decision, the ALJ noted Plaintiff's

6

testimony that "she receives about two to three hours of sleep per night and she sleeps during the day." (*Id.* 20.) The ALJ further noted Plaintiff's reports that "she takes sleeping medication both at night and during the day." (*Id.*) The ALJ also noted medical evidence that Plaintiff got poor sleep at night and was "taking daily naps." (*Id.* at 23.) However, beyond noting Plaintiff's allegations and the medical evidence, the ALJ's decision does not analytically address Plaintiff's asserted need to nap in any manner.

An ALJ errs if he leaves "unaddressed Plaintiff's reports she consistently needed to nap during the day." *Balbina K. v. Kijakazi*, No. 20-CV-5078, 2022 WL 2046216, at *3 (N.D. Ill. June 7, 2022). Accordingly, in completely failing to analyze Plaintiff's allegations concerning her need to nap in relation to her work abilities, the ALJ erred. *See Fratantion v. Colvin*, No. 13 C 648, 2014 WL 3865249, at (12 (N.D. Ill. Aug. 5, 2014) ("The ALJ does not discuss the evidence in the record that corroborates [claimant's] reported medication side effects, or how she can perform even sedentary work while having to nap one to two times per day."); *Brazitis v. Astrue*, No. 11 C 7993, 2013 WL 140893, at *10 (N.D. Ill. Jan. 11, 2013) ("The ALJ never explained how someone who requires a one-to-two hour midday nap can work a full-time job."). If the ALJ found that Plaintiff's reported nap requirements were unbelievable or would not impact her ability to work, he was required to set forth a rationale for such determinations, which he did not do. *See Cuevas v. Barnhart*, No. 02 C 4336, 2004 WL 1588277, at *15 (N.D. Ill. July 14, 2004) ("To the extent she chose not to address the issues of pain and naps because she found Mr. Cuevas'

7

testimony on these issues to be incredible, the ALJ was required to explain her reasoning."). Ultimately, the Court finds that the ALJ's failure to account for Plaintiff's asserted need to nap requires that this matter be remanded. *See Gutierrez-Gonzalez v. Astrue*, 894 F. Supp. 2d 1057, 1066 (N.D. Ill. 2012).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the entirety of Plaintiff's RFC is properly derived, the medical opinion evidence is properly evaluated, and Plaintiff's subjective symptoms are properly assessed. The Court does not reach Plaintiff's constitutional argument.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:**

*/s/ Maria Valdez*

**DATE:** ___**February 16, 2023**___　　　　_____
　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

8